IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEAN BENTER,

                          Plaintiff,                       OPINION AND ORDER

     v.

                                            11-cv-564-wmc

ROBERT P. VANDEHEY, TINA, and
KIM KOHN,

                         Defendants.

---

       This is a proposed civil action that plaintiff Dean Benter, proceeding pro se, has filed against Robert P. Vandehey, Tina (last name not provided) and Kim Kohn. He has been allowed to proceed without prepayment of costs and fees in this action. The next issue is whether Benter's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because plaintiff has not met this hurdle, he will not be allowed to proceed in this action.

ALLEGATIONS OF FACT

       In addressing any pro se litigant's complaint, the court must read the allegations to the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes the following facts as alleged in the complaint:

- Plaintiff Dean Benter filed two separate small claims lawsuits against two individuals in Grant County Circuit Court.

- Defendant Robert P. Vandehey is a circuit judge in Grant County; defendants Tina and Kim Kohn are his employees.

- Judge Vandehey allegedly refused to permit Benter to proceed with litigation in his court.

- Judge Vandehey allegedly also told his employees to refuse to file any court papers Benter submitted or to speak to him on the telephone.

OPINION

Benter asks for monetary relief, the removal of Judge Vandehey from the bench, and to have trials in his state court cases. In effect, plaintiff is asking this court to intervene in state judicial proceedings, something that is impermissible under our federal system of government.

As an initial matter, district courts are generally required to abstain from issuing injunctions against ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id*. at 45. If Benter believes that his rights are being violated in the context of his state court case, he may appeal the judge's decision through the state court appeals process and for leave to seek certiorari review by the United States Supreme Court. What Benter *cannot* do is make an end run around the state judicial process by filing an action in federal court. *See Gen. Auto Serv. Station v. City of Chi.*, 319 F.3d 902, 904 (7th Cir. 2003) (holding abstention is generally proper in

cases in which a party has an opportunity to raise Constitutional arguments in state court).

To the extent that Benter is asking this court to review and reverse the decisions of the state court, this court has no authority to grant his request. The *Rooker-Feldman* doctrine deprives this court of jurisdiction to review a state court decision. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The reason underlying the doctrine is that "no matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012).

This doctrine applies to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under this doctrine, a litigant may not obtain review of a state court judgment merely by recasting it as a civil rights action under 28 U.S.C. § 1983. *See, e.g., Louis-Kenny-Reed: El v. Makowiecki*, No. 11-1799, 448 Fed. Appx. 613, 2011 WL 5149469, at *1 (7th Cir. Nov. 1, 2011) (rejecting plaintiff's reference to § 1983 as an attempt to circumvent the *Rooker-Feldman* doctrine); *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (finding it irrelevant that the plaintiff "characterized his grievance as a civil rights claim").

Finally, defendant Judge Vandehey has absolute judicial immunity from liability for his judicial acts. The doctrine of judicial immunity establishes the absolute immunity

of judges from liability for their judicial acts -- even when they act maliciously or corruptly. *Mireles v. Waco*, 502 U.S. 9 (1991). This immunity is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public which has an interest in a judiciary free to exercise its function without fear of harassment by unsatisfied litigants. *Pierson v. Ray*, 286 U.S. 547, 554 (1967). Because defendants Tina and Kim Kohn were acting under the direction of Judge Vandehey, they are also absolutely immune from liability for their acts. *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (holding that court clerks are entitled to judicial immunity if their official duties have an integral relationship with the judicial process).

Therefore, plaintiff's complaint must be dismissed for failure to state a claim under federal law.

## ORDER

IT IS ORDERED that the complaint of plaintiff Dean Benter is DISMISSED for failure to state a claim for relief under federal law. The clerk of court is directed to close the case.

Entered this 26th day of June, 2013.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

4